[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE AND OBJECTION THERETO
Defendant, United Technologies Corporation, seeks to strike all four counts of the complaint because "each count fails to state a claim upon which relief can be granted."
In count 1 defendant claims that plaintiff alleges breach of an oral contract which could not be performed in one year, and thus he is barred by the statute of frauds. The court finds, however, that as plead, the plaintiff has fully performed all of his obligations under the oral contract.
In count 2 the court finds that, as pled, the defendant's breach of its agreement to relocate the plaintiff back to the Hartford area supports a claim for breach of an implied covenant of good faith. Mangan v. Anaconda Industries, Inc., 193 Conn. 558,566.
In count 3 the plaintiff alleges promissory estoppel. Under the doctrine of promissory estoppel "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by performance of the promise, D'Ulisse-Cupo v. Bd. of Directors of Notre Dame High School, 202 Conn. 206, 213. The court finds that the plaintiff has alleged sufficient facts to support a claim for promissory estoppel.
In count 4 plaintiff has alleged that an improper evaluation in 1990 was done in violation of defendant's practices and procedures regarding evaluations, and as such defendant breached its implied duty of good faith and fair dealing. It is a question of fact whether the practice and written procedure of the defendant created an express or implied contract with the plaintiff regarding his yearly evaluation and review, and whether the good faith and fair dealing covenant attendant thereto was breached. Finley v. Aetna Life Casualty Co., 202 Conn. 190; Carbone v. Atlantic Richfield Co., 204 Conn. 460, 471.
The motion to strike is denied and the objection thereto sustained.
Allen, STR CT Page 3340